# United States Bankruptcy Court
### District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey  08101-2067

**JUDITH H. WIZMUR**  (856) 757-5126
Chief, U.S. Bankruptcy Judge

November 5, 2008

Karl Norgaard, Esq.
Stern, Lavinthal, Frankenberg & Norgaard, LLC
184 Grand Avenue
Englewood, NJ  07631

Richard and Ida Scharon
1016 E. Park Avenue
Vineland, NJ  08360

**FILED**
JAMES J. WALDRON, CLERK

November 5, 2008

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

Re:  Richard and Ida Scharon
Case No. 07-26127/JHW
**LETTER OPINION**

Dear Counsel and Mr. and Mrs. Scharon:

You will recall that during our last telephone conference call on October 10, 2008, Mrs. Scharon renewed her objection to the attorneys' fees in the amount of $800 asserted by Sovereign Bank in its amended proof of claim. Mrs. Scharon insisted that Sovereign Bank was never awarded attorneys' fees during these proceedings. The bank disagreed and claimed that this issue had been resolved during one of our previous telephone conference calls. In light of the confusion on this question, I resolved to review the record to clarify whether attorneys' fees had been previously awarded in this case. With that focus in mind, I will briefly trace here the procedural history of this case as it pertains to this narrow issue.

On November 2, 2007, Richard and Ida Scharon filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtors indicated that they were current on their home mortgage. Sovereign Bank, as servicer for the Federal National Mortgage Association, subsequently moved for relief from the automatic stay on November 30, 2007, citing to a delinquency in the debtors' escrow account, and seeking bankruptcy fees in the amount of $850 as well as other charges. There was no assertion at that time that the debtors were behind in their regular monthly mortgage payments. While the motion was pending, the debtors' case was dismissed and closed administratively in error. The debtors asserted that while the case was closed the bank refused to accept any of their mortgage payments. After the debtors' case was reopened on December 19, 2007, the debtors voluntarily converted their case to Chapter 13 on January 22, 2008 to cure those missed payments.

On January 28, 2008, Sovereign Bank filed a secured proof of claim indicating arrearages of $5,849.43, including bankruptcy attorneys' fees in the amount of $800. On February 6, 2008, an order was entered denying the bank's motion for relief from the automatic stay without prejudice and directing the debtors to cure their December and January post petition arrearages prior to January 31, 2008 and to continue to make their regular monthly mortgage payments outside of the plan.

On April 22, 2008, Sovereign Bank filed a certification of default indicating that the debtors had failed to stay current with their mortgage obligations post petition. An order vacating the automatic stay was entered on May 5, 2008. One week later on May 13, 2008, the debtors moved to reinstate the automatic stay as to Sovereign Bank. The matter was heard in court on June 9, 2008. When the issue of attorneys' fees arose during the hearing,

counsel[1] for the bank explained that it was seeking attorneys' fees in the amount of $800 for the time spent filing the certification of default and for responding to the debtors' motion to reinstate the automatic stay. The debtors challenged the bank's entitlement to counsel fees. Upon further review, by correspondence dated June 10, 2008, I denied the allowance of attorneys' fees for either service, stating that:

> Because the certification of default submitted by the mortgage servicer was incorrect, no attorneys fees should be awarded, either with respect to the submission of the certification, or with respect to the appearance in court on the debtors' reinstatement motion. This should be included in the reinstatement order.

On June 24, 2008, the debtors filed a "Letter of Explanation Regarding Taxes and Payments to Date per this Court's Order" seeking an accounting of their outstanding mortgage balance. The bank followed with an amended proof of claim on July 10, 2008 lowering the stated amount of arrearages to $4,879.48, although still asserting $800 in bankruptcy attorneys' fees. The matter was heard by telephone conference call on July 24, 2008. At that time, counsel for the bank indicated that the attorneys' fees were being sought for filing the motion for relief from the automatic stay in the Chapter 7 case. I afforded the bank additional time to make a written submission explaining all of the charges asserted in the amended proof of claim. In follow up correspondence dated August 14, 2008, counsel confirmed that the $800 was for filing the motion for relief from the automatic stay and for filing the original proof of claim.

---

[1] Milica A. Fatovich, Esq. of Zucker, Goldberg & Ackerman, LLC appeared on behalf of Stern, Lavinthal.

During the follow up telephone conference call on September 8, 2008, we again addressed the issue of attorneys' fees. Counsel for the bank acknowledged that the attorneys' fees that it had sought for defending the reinstatement and for submitting the certification of default were previously denied. The bank clarified that the currently sought fees were for the original motion for relief from the automatic stay and for the filing of the proof of claim. I recognized that those services arose post petition, but nonetheless determined to allow them to be included in the amended proof of claim. The bank was directed to file a second amended proof of claim reflecting the adjustments made at that hearing, which it did on September 25, 2008. The validity of a credit entry of $662.53 was resolved during our October 10, 2008 telephone conference call and the bank's proof of claim was amended once again to reflect this change.

In summary, as reflected above, the bank's request for attorney's fees for defending the reinstatement of the automatic stay and for submitting the certification of default was denied. The bank's request for fees, in the amount of $800, for filing the motion for relief from the automatic stay and for filing the proof of claim was granted. The debtors' objection in this regard is overruled. Sovereign Bank's third amended proof of claim, dated October 13, 2008, accurately reflects the determinations made in the earlier hearings.

Counsel for Sovereign Bank shall submit an order reflecting confirmation of its Third Amended Proof of Claim, and indicating that the debtor is current in post-petition mortgage payments through October 2008 as of October 31, 2008.

Very truly yours,

*[signature]*

JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT